UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Carl Johnson,

    Plaintiff,

v.     Case No. 14-11375
    Honorable Sean F. Cox
    Magistrate Judge Anthony P. Patti

Commissioner of
Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's determination that he is not entitled to disability insurance and supplemental security income benefits for his physical impairments. (Doc. #1).

Some time thereafter, Plaintiff and Defendant filed cross-motions for summary judgment. (Doc. #12 and Doc. #14). All proceedings in this case were referred to Magistrate Judge Anthony P. Patti ("Magistrate Judge Patti") pursuant to 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). (Doc. #2, Doc. #16).

On May 20, 2015, Magistrate Judge Patti issued a Report and Recommendation ("R&R") wherein he recommended that the Court DENY Plaintiff's Motion for Summary Judgment, GRANT Defendant's Motion for Summary Judgment, and AFFIRM the Commissioner's decision. (R&R, Doc. #17). Plaintiff filed timely objections to the May 20, 2015 R&R on June 3, 2015 (Pl. Objs., Doc. #18). Defendant filed a Response to Plaintiff's objections. (Doc. #19).

1

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. FED. R. CIV. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. Mich. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011).

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

**ANALYSIS**

The Court finds that Plaintiff has not asserted any proper objections to the R&R. Further, the Court agrees with the Magistrate Judge's analysis on the issues challenged. The Court shall therefore adopt the R&R, deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

Plaintiff's Motion for Summary Judgment sought to have this Court reverse the Administrative Law Judge's (ALJ) conclusion that Plaintiff is not disabled because he could perform

2

light work with several limitations. To that end, Plaintiff advanced several arguments to the Magistrate Judge in his motion, including: 1) that the ALJ committed procedural error at Step Three of the analysis by failing to explain why Plaintiff's impairments did not meet or medically equal Listing 1.02B and 1.04; 2) that the ALJ erred in finding that Plaintiff's testimony is not fully credible; 3) that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Christopher Chang; and 4) that the one job description provided by the Vocational Expert ("VE") does not exist in significant numbers in the national economy. (Pl. Mo., Doc. #12).

Magistrate Judge Patti rejected all of Plaintiff's arguments. As to the first issue—whether the ALJ committed procedural error at Step Three of the analysis—Magistrate Judge Patti found that the ALJ "fully articulated his reasoning in portions of his opinion that did not directly address step three." (R&R at 18). According to Magistrate Judge Patti, the ALJ justified his finding that Plaintiff's impairments do not meet or medically equal Listing 1.02B (Major dysfunction of a joint(s)) by explaining that the evidence shows that Plaintiff can perform fine and gross movements as defined by the regulations. (R&R at 19). Such a finding would preclude a finding of that Plaintiff's impairments meet or medically equal the impairment under Listing 1.02B. As to Listing 1.04, the Magistrate Judge found the ALJ's conclusion was not deficient because the ALJ explained that Plaintiff "lacks the requisite motor and sensory deficits and there is no evidence of spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication." (R&R at 20, *citing* Tr. 23).

Plaintiff now lodges two objections to the Magistrate Judge's conclusion that the ALJ did not err at Step Three by arguing that Plaintiff's impairments medically equal those contained in Listing 1.02B and Listing 1.04. (Pl. Objs. at 2–3). Plaintiff objects on the basis that, in his view, the evidence shows that Plaintiff's impairments medically equal those Listings. But these objections

3

advance the same argument that the Magistrate Judge has already rejected without pointing to a specific deficiency in the Magistrate Judge's reasoning. Accordingly, Plaintiff's first and second objections are improper. Additionally, the Court agrees with the Magistrate Judge's analysis on these issues and, for the reasons set forth in the R&R, Plaintiff's arguments are without merit. Plaintiff's first and second objections are overruled.

As to the second issue—whether the ALJ erred in finding that Plaintiff's testimony was not fully credible—Plaintiff argues that he "testified truthfully throughout the hearing, even testifying that he was able to perform certain chores and activities of daily living, and prefaced that testimony with the fact that he complete [sic] such tasks with certain difficulties." (Pl. Objs. at 3). Again, Plaintiff already made this argument to the Magistrate Judge in his Motion for Summary Judgment (Pl. Mo. at 11–12); therefore the objection is improper. Further, the Court agrees with the Magistrate Judge's analysis as to the ALJ's credibility determination, (R&R at 22–24), so Plaintiff's objection is without merit. Plaintiff's third objection is overruled.

As to the third issue—whether the ALJ provided good reasons for discounting the opinion of one of Plaintiff's treating physicians, Dr. Christopher Chang—Plaintiff now objects to the R&R by arguing, essentially, that the ALJ should have given Dr. Chang's opinion controlling weight. (Pl. Objs. at 3–4). Plaintiff has already advanced this argument to the Magistrate Judge in his Motion for Summary Judgment. (Pl. Mo. at 12–13). Magistrate Judge Patti found that the ALJ provided good reasons and substantial evidence in support of his decision to afford limited weight to the opinion of Dr. Chang, and Plaintiff has not provided the Court with a reason to disturb that finding. Moreover, the Court agrees with the Magistrate Judge's analysis on this issue. Accordingly, Plaintiff's fourth objection is overruled.

**ORDER**

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the May 20, 2015 R&R.  IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and this case shall be DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

                                              S/Sean F. Cox  
                                              Sean F. Cox  
                                              United States District Judge

Dated:  August 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2015, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy  
                                              Case Manager